**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 06-20216

HONORABLE DENISE PAGE HOOD

D-1    CHRISTIAN BEVELLE,

    Defendants.

_____/

## ORDER DENYING
## DEFENDANT CHRISTIAN BEVELLE'S MOTION FOR NEW TRIAL

### I.    INTRODUCTION

This matter is before the Court on Defendant Christian Bevelle's Motion for New Trial [Dkt. # 96, 97,[1] filed December 10, 2007]. The Government filed a Response on January 18, 2008. Hearings on the Motion were held on January 23, and February 4, 2008.

### II.    FACTS

On April 26, 2006, Defendant Christian Bevelle, along with four co-defendants, was indicted for Conspiracy to Possess Controlled Substances (Cocaine) with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1), 846. Bevelle was tried before a jury along with co-defendant Daniel Jesus Rendon ("Rendon"). Although they were tried jointly, Bevelle and Rendon were provided with separate juries. On October 30, 2007, a jury found Bevelle guilty of Conspiracy to Possess Cocaine

---

[1]Defendant's Motion appears on the docket as Document 96 and Document 97. However, Defendant's Brief in Support of the Motion is attached only to Document 97 and not Document 96.

with the Intent to Distribute 500 grams or more of cocaine. October 30, 2007, a separate jury found Rendon guilty of Conspiracy to Possess Cocaine with the Intent to Distribute 5 kilograms or more of cocaine.

At trial, the Government presented the testimony of FBI Agent Richard A. Wozniak ("Agent Wozniak") as part of its case in chief. Wozniak testified both as a fact witness, having specifically investigated the alleged conspiracy of which Bevelle and Rendon were members, and as an expert witness, having investigated many narcotics conspiracies during his fifteen year tenure with the FBI. Defendant Bevelle's counsel, Fred Walker ("Mr. Walker"), cross examined Agent Wozniak as a fact witness on October 22, 2007 in the presence of both juries. Defendant Rendon's counsel, Sharon C. Woodside ("Ms. Woodside"), cross examined Agent Wozniak as a fact witness on October 23, 2007. Initially during the cross examination, both juries were present. However, after 3:26 p.m. on October 23, only the Rendon jury was present. Agent Wozniak's testimony about an alleged 1992 Drug Enforcement Administration ("DEA") investigation of Bevelle during Ms. Woodside's cross examination – while in the presence of the Bevelle jury – is the basis for Defendant Bevelle's Motion for New Trial.

Shortly into Ms. Woodside's cross examination of Agent Wozniak, she began questioning him about a November 2002 wiretap affidavit for which he was the affiant. (Tr.[2], at 7.) More specifically, Ms. Woodside questioned him about his sources for information. Their first exchange

---

[2]The October 23, 2007 partial transcript is noted as Tr. The October 25, 2007 partial transcript is noted as Tr. II. The October 30, 2007 partial transcript is noted as Tr. III. The October 23, 2007 full transcript is noted as Tr. IV.

went as follows:

> Q. Did you – if you had received information with respect to Mr. Rendon from the DEA or DPD, you would have included that in your affidavit; is that correct?
> A. Yes.
> Q. And in this particular affidavit, you had not received any information regarding Daniel Rendon from either the DEA, and would that be the initials for the Drug Enforcement Agency?
> A. That would be the initials, but I believe if you look over, I believe it was paragraph 51 to 57 there is a reference – 52 to 57.

(Tr., at 11.) Shortly thereafter, their exchange went as follows:

> Q. Agent Wozniak, can I help you or refer you to paragraph 15?
> A. No, it is in the 50 series. If you look at paragraph 55.
> Q. 55?
> A. Correct.
> Q. Okay, paragraph 55, you're referring to some information obtained from a source. That is Source number 2; is that correct?
> A. Yes.
> Q. Source number 2 was not with either the DEA or the DPD, correct?
> A. In that regards, the FBI was working with the Detroit Police Department, and that was an FBI source.
> Q. This was an FBI source?
> A. Correct.
> Q. Okay, but my question was did this individual have connection to either the Drug Enforcement Agency or the Detroit Police Department?
> A. No.
> Q. Okay.
> A. But if you look at paragraph 57.
> Q. (Interposing) Well, I want –
> A. (Interposing) I thought you asked me a question if the Drug Enforcement Agency, if I received any from the Drug Enforcement Agency.
> Q. Paragraph 57?
> A. That was the question you asked me, correct?
> Q. No. Well, I was asking about the DPD or DEA?
> A. And I'm referencing you now to paragraph 57 where it says: "On October

3

>       20th, 2002 your affiant reviewed a report prepared by FBI Detroit
>       Investigative Research Specialist Robert Coloske concerning a 1992 US
>       Drug Enforcement Administration investigation involving Christian Bevelle
>       and Gail Monique Bevelle." I'm sorry, that was for Bevelle.
> Q.    Correct?
> A.    I'm sorry.
> Q.    So other than paragraph 15?
> A.    55
> Q.    No, look at 15 first.
> A.    Right.
> Q.    And in paragraph 15 you state that you believe my client to be involved in
>       that conspiracy?
> A.    Based upon paragraphs 55, 56 and 57.

(Tr., at 11-13.) At no time during these exchanges did Mr. Walker object to the testimony, request a sidebar, or request the Court to remove the Bevelle jury.

Mr. Walker objected to the testimony later that day. His objection was presented to the Court and outside the presence of the juries. His arguments to the Court were as follows:

> Your Honor . . . I'm a little bit concerned that during Ms. Woodside's cross examination, Agent Wozniak has on a couple of occasions mentioned both my client and his wife and alleged surveillance concerning matters that are totally irrelevant to the proceedings here regarding [an] investigation concerning someone named Calderon, which is a little outside of the period of the indictment all the way back to 1992, and Chris's name has come up a couple of times and his address as well. . . . So, I would ask that my Jury be excused during Ms. Woodside's cross examination[.]"

(Tr. IV at 51-52.) The Court granted Mr. Walker's request to remove the Bevelle jury during the remaining portion of Ms. Woodside's cross examination of Agent Wozniak. (Tr. IV at 58.) Thereafter – in the presence of Defendant Rendon's jury only – Ms. Woodside elicited testimony from Agent Wozniak regarding the 1992 investigation of Defendant Bevelle and the belief that

4

Defendant Bevelle "ha[d] delivered or could deliver 60 kilograms of cocaine[.]"[3]  (Tr. IV at 62.)

On October 25, 2007, Mr. Walker made an oral motion for mistrial based upon Agent Wozniak's October 23, 2007 testimony.  The Court heard oral arguments on the motion and took the motion under advisement.  On October 30, 2007, the Court denied the motion, noting that Agent Wozniak's gratuitous testimony was not "of the level that calls for a mistrial."  (Tr. III at 10.) The Court offered to give the Bevelle jury a curative instruction; however, Mr. Walker declined the offer, presumably for the strategic reason of not wanting to reignite the memory of the jurors about a portion of the trial on which they may not have been focusing.  (*Id.* at 10-12.)

### III.    STANDARD OF REVIEW & APPLICABLE LAW

Defendant Bevelle brings his Motion pursuant to Federal Rule of Criminal Procedure 33. Rule 33 states that "the [trial] court on motion of a defendant may grant a new trial if required in the interest of justice."  Fed. R. Crim. P. 33.  The decision to grant or deny such a motion rests within the discretion of the district court.  *United States v. Seago*, 930 F.2d 482, 488 (6th Cir.1991).  The defendant bears the burden of proving the need for a new trial and such motions should be granted sparingly and with caution.  *Id.*

A motion for new trial is permitted based upon newly discovered evidence or any other

---

[3]The Court notes that this testimony cannot be used to support Defendant Bevelle's claim for prosecutorial misconduct, because the testimony was not elicited in the presence of the Bevelle jury.

grounds. Fed. R. Crim. P. 33. "Other grounds" include claims of prosecutorial misconduct. *See United States v. Carroll*, 26 F.3d 1380, 1385 (6th Cir. 1994). The Court gleans from Defendant's Motion for New Trial a claim of prosecutorial misconduct. (*See, e.g.,* Def.'s Mot., at 4.) ("The improper testimony [of Agent Wozniak] and the motivation behind it should be imputed to prosecution as prosecutorial misconduct . . . .")

It is well settled that prosecutorial misconduct cannot support a grant of a new trial unless the misconduct is "so pronounced and persistent that it permeated the entire atmosphere of the trial." *United States v. Bond*, 22 F.3d 662, 667-68 (6th Cir. 1994) (citation omitted). In assessing a defendant's objections to a prosecutor's conduct at trial, the Sixth Circuit applies a two-part test: first, the court should determine if the prosecutor's statements were improper; if they were, then the court must determine if the impropriety was flagrant. *See United States v. Monus*, 128 F.3d 376, 394 (6th Cir. 1997). In assessing flagrancy, a court must consider: (1) whether the conduct tended to mislead the jury or prejudice the accused; (2) whether the conduct was isolated or extensive; (3) whether the conduct was deliberately or accidently performed; and (4) the strength of the evidence against the accused. *See id.* If the conduct was flagrant, the court only grants relief where the "proof against the defendant was not overwhelming, opposing counsel objected to the conduct, and the district court failed to give a curative instruction." *See id.* A court assesses the Government's challenged conduct "within the context of the trial as a whole." *United States v. Barnett*, 398 F.3d 516, 522-23 (6th Cir. 2005).

## IV. ANALYSIS

Defendant argues that Agent Wozniak "purposely, gratuitously and specifically" proffered testimony about an alleged 1992 investigation of Defendant Bevelle and Bevelle's wife during the cross examination by Ms. Woodside, even though Ms. Woodside did not specifically ask any questions about the 1992 investigation. (Def.'s Mot., at 3.) The Indictment against Bevelle alleges his participation in a cocaine conspiracy from on or about May of 2000 to on or about April 2003, a time period well after 1992. Defendant further argues that this testimony improperly undermined Bevelle's defense.

The Government argues that Agent Wozniak's testimony about the alleged 1992 DEA investigation of Bevelle was isolated and accidental. The testimony about the 1992 investigation went as follows:

> And I'm referencing you now to paragraph 57 where it says: "On October 20th, 2002 your affiant reviewed a report prepared by FBI Detroit Investigative Research Specialist Robert Coloske concerning a 1992 US Drug Enforcement Administration investigation involving Christian Bevelle and Gail Monique Bevelle." I'm sorry, that was for Bevelle.

(Tr. IV at 23.) The Government further argues that Mr. Walker had a copy of the November 2002 affidavit, should have been familiar with its contents, and should have objected or requested a sidebar when Agent Wozniak began making references to paragraphs 51 through 57. The Government also argues that it did not elicit the testimony of Agent Wozniak that is in question; rather, Ms. Woodside elicited it.

7

Based upon the record, the Court concludes that the prosecution's conduct was not improper. Although Agent Wozniak's testimony was, under these facts, gratuitous and perhaps intentional on his part, based upon those same facts, the Court concludes that the prosecution's conduct was not flagrant. The comments were isolated and not extensive. Further, in light of the strength of the evidence against Defendant Bevelle which was presented during the two-week trial, including the testimony of Alvin Broadnax, a major participant in the drug conspiracy, and at least six wiretap phone conversations of Defendant Bevelle with other members of the conspiracy, it appears that Agent Wozniak's testimony did not prejudice Bevelle to the extent that such prejudice warrants a new trial. To the extent that Agent Wozniak's testimony may have been prejudicial to Bevelle, the Court offered to give the Bevelle jury a curative instruction. However, Defendant's counsel declined the offer, albeit presumably for strategic reasons.

Although the alleged improper testimony of Agent Wozniak was gratuitous and perhaps intentional, the Court concludes that it was harmless in light of the evidence presented against Defendant Bevelle at trial. Accordingly, Defendant Bevelle's Motion for New Trial must be denied.

## V. CONCLUSION

For the reasons stated above and those on the record on February 4, 2008,

IT IS ORDERED that Defendant Christian Bevelle's Motion for New Trial [Dkt. # 96, 97, filed December 10, 2007] is **DENIED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: February 8, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 8, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager